**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

IN RE: JERALDINE LONDON                       CASE NO. 05-10008
JAMES LONDON                                        CHAPTER 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

The motion of U.S. BANK N.A., SUCCESSOR BY MERGER TO THE LEADER MORTGAGE COMPANY ("Mover"), a secured creditor, respectfully represents:

1.

The Debtors in the above entitled and numbered case filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on January 03, 2005.

2.

This Honorable Court has jurisdiction over this matter pursuant to the provisions of <u>inter alia</u> 11 U.S.C. 362 and 28 U.S.C. 157 and 1334.

3.

Mover is the holder of a note in the original principal amount of $55,879.00, dated October 03, 1997, executed by Jeraldine Knapper Staves, and secured by a mortgage, a copy of which is attached hereto and made a part hereof, recorded at ORIG 533 BNDL 10830, in the records of East Baton Rouge Parish, Louisiana, affecting the following described property located in Baton Rouge, Louisiana:

> One (1) certain piece or parcel of ground, together with all the buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of East Baton Rouge, State of Louisiana, in that subdivision known as CRESTAIRE, and designated on the official plan thereof, on file and of record in the office of the Clerk and Recorder of the Parish of East Baton Rouge, State of Louisiana, as LOT NUMBER SIX (6), said subdivision, said lot having such measurements and dimensions and being subject to such servitudes as are more particularly described on said subdivision map.
>
> Bearing the municipal address of 3480 CRESTAIRE DR., BATON ROUGE, Louisiana 70814.

4.

The Debtors' Chapter 13 plan provides that the Debtors are to pay to Mover directly the regular monthly mortgage payments.

5.

The Debtors have defaulted on the Chapter 13 plan by failing to pay the monthly payments when due. The Debtors are delinquent on post-petition arrearages for the months of March 2006 through April 2006 on the direct monthly mortgage payments of $455.34, and May 2006 through date on the direct monthly mortgage payments of $474.70.

6.

For the foregoing reasons, Mover requests that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby. Mover asks that the ten-day stay of an order lifting stay as provided in Bankruptcy Rule 4001(a)(3) be waived and dispensed with. Mover further requests that any order remain in effect regardless of conversion to another Chapter.

WHEREFORE, MOVER PRAYS that after all delays have elapsed and proceedings are had, this Honorable Court enter an order terminating the automatic stay provided for by 11 U.S.C. 362(a) as to the estate of the Debtors so to allow Mover to enforce any and all rights it has in respect to the property described in Paragraph (3) herein via state court foreclosure proceedings or otherwise.

DEAN MORRIS, L.L.P.
1820 Avenue of America
P. O. Box 15270
Monroe, LA  71207-5270
(318) 388-1440

/S/ Candace A. Courteau
ATTORNEY FOR CREDITOR